United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shaytayya Welch, Plaintiff,<br><br>v.<br><br>Royal Caribbean Cruises, Ltd.,<br>Defendant. | Civil Action No. 20-22466-Civ-Scola |

## Order Striking Joint Stipulation

The parties filed a stipulation agreeing to a jury trial and to strike count two of the complaint (ECF No. 7). The Plaintiff has no right to a jury trial, and the Court need not hold a jury trial based on the agreement of the parties. *See* Fed. R. Civ. P. 39(c) (with the consent of both parties, the court "may" order jury trial). Welch asserts that she is proceeding under admiralty jurisdiction pursuant to 28 U.S.C. § 1333 (ECF No. 1 at ¶ 4), and she acknowledges that she does not have a right to a jury trial. (*Id.* at ¶¶ 4, 6.) The parties' stipulation for a jury trial is incompatible with a case proceeding solely under the Court's admiralty jurisdiction. *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); *Barry v. Shell Oil Co.*, No. CIVA 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court.").

Due to the Covid-19 pandemic, jury trials have been suspended from March 2020 until at least January 2021, and, whenever the suspension ends, the Court will have a massive backlog of cases where the parties are entitled to a jury trial.

Therefore, the Court declines to approve the parties' stipulation and directs the **Clerk** to **strike** the parties' stipulation (**ECF No. 7**).

**Done and ordered** at Miami, Florida, on August 7, 2020.

_____
Robert N. Scola, Jr.
United States District Judge